UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | Civil Case No. 7:23-CV-00313 |
| **VS.** | § | Criminal Case No. 7:19-CR-01205-014 |
| | § | |
| **FRANCISCO TAMEZ** | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant/Movant Francisco Tamez's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (the "Motion"), (Dkt. No. 1), to which the United States of America (the "Government") has responded, (Dkt. No. 6).[1] For the reasons stated below, Tamez's Motion is **DENIED**.

### I.   BACKGROUND

Tamez was charged with conspiracy to possess a firearm in relation to a drug trafficking offense and crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(o). He pled guilty without a plea agreement and was sentenced on January 22, 2021, to 84 months' imprisonment, to be followed by 3 years' supervision. Judgment was entered on January 27, 2021. Tamez filed an untimely Notice of Appeal on July 12, 2021, but did not pursue briefing. On December 16, 2021, the Fifth Circuit granted the Government's unopposed motion to dismiss the appeal. *See United States v. Tamez*, No. 21-40537 (Dec. 16, 2021). He did not petition the Supreme Court for a writ of certiorari.

---

[1]   Docket entry references are to the civil case.

The Court received Tamez's Section 2255 Motion on September 14, 2023. It was signed August 28, 2023, and postmarked the following day.

## II.   TAMEZ'S ALLEGATIONS

The Motion raises four related grounds for relief:

(1) The residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague and violates the Fifth Amendment;

(2) Tamez's conviction under 18 U.S.C. §§ 924(c) and 924(o) should be vacated in light of the holdings in *United States v. Green* and *Andy Verde v. United States*[2] that *United States v. Johnson*, 576 U.S. 591 (2015), should logically extend to 18 U.S.C. § 924(c);

(3) The Supreme Court in *United States v. Davis*, 588 U.S. 445 (2019), extended *Johnson* and held that 18 U.S.C. § 924(c)'s residual clause is unconstitutional; and

(4) The Supreme Court ruled that Hobbs Act robberies are not crimes of violence.

## III.   ANALYSIS

### A.   28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal

---

[2] The Motion provides no citation or jurisdiction for either case.

and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

**B.    STATUTE OF LIMITATIONS**

A motion made under Section 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[3] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

The Fifth Circuit dismissed Tamez's appeal on December 16, 2021. Because he did not petition the Supreme Court for a writ of certiorari, his conviction became final 90 days later, on March 16, 2022. Tamez therefore had until March 16, 2023, to file a motion under

---

[3] The statute provides that the limitations period shall run from the latest of:
  (1) the date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

Section 2255. *See* 28 U.S.C. § 2255(f)(1). He filed his Motion on August 28, 2023—more than five months after the statute of limitations expired.[4]

Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Tamez must show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *See Holland*, 560 U.S. at 649; *Petty*, 530 F.3d at 365. "[E]quity is not intended for those who sleep on their rights." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010).

Tamez has presented no facts suggesting that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his Section 2255 motion. The Motion is therefore barred by limitations, and the Court need not consider the merits of Tamez's claims.

## IV.     CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Tamez has not yet filed a notice of appeal, the

---

[4] "Under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the pro *se* prisoner submits the pleading to prison authorities for mailing," rather than the date it is received or filed by the court. *Stoot v. Cain*, 570 F.3d 669, 671 (5th Cir. 2009).

Section 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Tamez cannot establish at least one of the *Slack* criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Tamez is not entitled to a COA as to his claims.

## V.   CONCLUSION

For the foregoing reasons, Tamez's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (Dkt. No. 1), is **DENIED.** Tamez is further **DENIED** a Certificate of Appealability.

It is SO ORDERED.

Signed on March 5, 2025.

                                                **DREW B. TIPTON**
                                    **UNITED STATES DISTRICT JUDGE**